UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER CAMBRON, et al., | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
| v. | )   1:13-cv-00036-JAW |
| | ) |
| MAINE STATE POLICE TROOP E, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

Brenda and Christopher Cambron filed this action on February 1, 2013, naming as the sole defendant Maine State Police Troop E. The complaint apparently arose because Lt. Wesley D. Hussey of the state police mailed notices to the Cambron family on December 17, 2012, alleging that the family members were harassing the state police. The Cambrons believe the contrary to be the case and that they are themselves being harassed by the state police. Their underlying dispute with the state police arose because of an encounter between Christopher Cambron and Christopher Hashey, a Maine state trooper. The encounter, which occurred on July 8, 2012, is the subject matter of two other lawsuits in this court. See Cambron v. Walmart, 1:12-cv-00252-JAW (filed August 20, 2012, and dismissed November 15, 2012, based upon lack of subject matter jurisdiction) and Cambron v. Brewer Police Department, et. al., 1:13-cv-00004-JAW (filed January 2, 2013 and still pending). The current "harassment" complaint apparently relates to the Cambrons repeated attempts to obtain copies of investigative reports relating to the underlying incident.

Through an oversight on my part because of the already pending case, this case was sent to the Maine Attorney General's Office for service. I should have entered an immediate recommended decision disposing of this pleading. Nevertheless, the Attorney General's Office

failed to respond to the Notice of Service and the case has simply remained on the docket since March 18, 2013, without any action by either the defendant or the court. Through clerical oversight the matter was not referred to me at the time the State defendant failed to respond to the notice of service. The clerk has now brought this matter to my attention in light of the various motions that have been filed in the companion matter and I realized that earlier action should have been taken on this case.

Having reviewed the complaint and the companion litigation, I now recommend that this particular complaint be summarily dismissed. The Cambrons' claims against Maine State Police Troop E are barred by the Eleventh Amendment. Claims against a state agency are another way of pleading claims against a state, and a state is not a "person" subject to suit for money damages under 42 U.S.C. § 1983, presumably the mechanism the Cambrons rely upon to bring their claims in this case. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (Absent consent, the Eleventh Amendment bars suits in federal courts against a state, its departments, and its agencies). The Cambrons have named only one defendant, the state agency, and they seek monetary damages in the amount of $30,000.00. To the extent the complaint requests injunctive relief against that agency, i.e. "no further contact or harassment [by] the Maine State Police," there are no simply grounds alleged that would warrant such relief.

Accordingly I recommend that this matter be summarily dismissed.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being

served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

| | |
|---|---|
| May 23, 2013 | /s/ Margaret J. Kravchuk |
| | U.S. Magistrate Judge |